OPINION
{¶ 1} Appellant, Paul F. Cowoski, appeals the finding contained in the October 25, 2001 judgment entry of the Lake County Court of Common Pleas, in which he was adjudicated a sexual predator.
 {¶ 2} On January 6, 1989, the Lake County Grand Jury indicted appellant on two counts of rape, aggravated felonies of the first degree, in violation of R.C. 2907.02. The charges were the result of appellant's sexual contact with a four-year-old boy on December 31, 1988. The events of December 31, 1988 were recounted in appellant's voluntary statement, which was taken on January 1, 1989. Appellant was invited to go out with his friend, Wayne. Appellant, Wayne, and Wayne's girlfriend, Sue, ended up at her house and were drinking and watching television. Appellant proceeded to go upstairs where Sue's children were sleeping. He woke up Sue's four-year-old son and had anal intercourse with him. Appellant then performed oral sex on the child. He also attempted to place his penis in the mouth of the four-year-old boy.
 {¶ 3} Appellant entered a plea of guilty to both counts of rape on October 23, 1989. In a November 30, 1989 judgment entry, the trial court sentenced appellant to an indefinite prison term of ten to twenty-five years on each count, with the terms to be served concurrently.
 {¶ 4} Pursuant to R.C. 2950.09, a hearing was held on October 22, 2001, to decide if appellant was a sexual predator. Both parties stipulated to the report of the psychologist, in which it was determined that appellant had pedophilic traits. At the hearing, the trial court noted that appellant was "almost 20 at the time the offense occurred. There is no criminal record, although there was an allegation of a sex offense when [appellant] was fourteen or fifteen years of age. The age of the victim of course is very important here. The victim was about four years of age. * * * There is not evidence of alcohol or drug impairment used to accomplish the result." In an October 25, 2001 entry, the trial court found by clear and convincing evidence that appellant was a sexual predator. Appellant filed a timely appeal and assigns a single assignment of error:
 {¶ 5} "The trial court's sexual predator determination is against the manifest weight of the evidence and is based on an incorrect legal standard."
 {¶ 6} We do not apply a de novo standard of review when reviewing a sexual predator determination; instead, we examine whether the trial court's determination was against the manifest weight of the evidence.State v. Davis (Apr. 19, 2002), 11th Dist. No. 2000-L-190, 2002 WL 603061, at 2.
 {¶ 7} Appellant argues that the trial court made the following findings: there was only a single victim; no alcohol or drugs were involved; appellant suffered from no mental illness or pathology; appellant completed a sexual offender treatment program; and, the psychological evaluations determined that appellant was at a low to moderate risk of reoffending. Appellant claims that based on the foregoing, the trial court erred in determining that he was sexual predator.
 {¶ 8} In making a sexual predator determination, the trial court must identify the factors under R.C. 2950.09(B)(2)(a)-(j) that support its determination. State v. Strickland (Dec. 22, 2000), 11th Dist. No. 98-L-013, 2000 WL 1876587, at 2. "These factors include: (1) the offender's age; (2) the offender's prior criminal record; (3) the age of the victim; (4) whether the sexually oriented offense for which sentence was imposed involved multiple victims; (5) whether the offender used drugs or alcohol to impair the victim or to prevent the victim from resisting; (6) whether the offender has participated in available programs for sexual offenders; (7) any mental illness or mental disability of the offender; (8) the nature of the offender's conduct and whether that conduct was part of a demonstrated pattern of abuse; (9) whether the offender displayed cruelty during the commission of the crime; and (10) any additional behavioral characteristics that contributed to the offender's conduct." State v. Swank (Dec. 21, 2001), 11th Dist. No. 98-L-049, 2001 WL 1647224, at 5.
 {¶ 9} To adjudicate a defendant as a sexual predator, the trial court need not find that a majority of these factors support such a determination; rather, the defendant may be so adjudicated even if only one or two of these factors are present, so long as the totality of the circumstances provides clear and convincing evidence that the defendant is likely to commit a sexually-oriented offense in the future. Swank, supra, citing State v. Clutter (Jan. 28, 2000), 4th Dist. No. 99CA19, 2000 WL 134730, at 3.
 {¶ 10} Here, the trial court noted that appellant was nineteen years of age at the time of the offense and that the victim was four years old. The trial court also observed that appellant had no criminal record, even though there was an allegation of a sex offense when he was fourteen or fifteen years of age, which also involved a four year old boy. Further, the court referenced that appellant had pedophilic traits. Finally, the trial court considered that there was oral sexual contact with the victim and attempted escalation.
 {¶ 11} After reviewing the record and weighing the evidence and all reasonable inferences therefrom, we cannot conclude that the trial court lost its way. While the psychological evaluation was of the opinion that appellant would be at low to moderate risk to commit a sexual offense in the future, the totality of the circumstances support the trial court's conclusion that appellant was a sexual predator.
 {¶ 12} For the foregoing reasons, appellant's lone assignment of error is not well-taken, and the judgment of the Lake County Court of Common Pleas is affirmed.
WILLIAM M. O'NEILL, P.J., DIANE V. GRENDELL, J., concur.